FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:17-cr-00150-SAB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING § 2255** |
| JUSTIN BOYD RENTERIA, | **PETITION; CLOSING FILE** |
| Defendant. | |

Previously, the Court directed the United States to respond to Defendant's ineffective assistance of counsel claim. ECF No. 153. Defendant was given thirty days after the United States filed its response to file a reply. On July 18, 2019, the United States filed its response, ECF No. 154, and Defendant did not file a reply.

### Motion Standard

The Sixth Amendment guarantees a defendant the effective assistance of counsel at "critical stages of a criminal proceeding," including when he enters a guilty plea. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). To demonstrate counsel was constitutionally ineffective, a defendant must show counsel's representation "fell below an objective standard of reasonableness" and he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). A defendant bringing a claim based on attorney error during the course of the legal proceeding can demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lee*

**ORDER DISMISSING § 2255 PETITION; CLOSING FILE ~ 1**

*v. United States*, __ U.S. __, 137 S. Ct. 1958, 1965 (2017). For instance, when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**Analysis**

In his petition, Defendant argues he received ineffective assistance of counsel in four instances: (1) his attorney was incompetent and ineffective regarding 18 U.S.C. § 2252A and the affirmative defenses set forth in the statute; (2) his attorney failed in performing his duty of loyalty when he encouraged Defendant to enter a guilty plea; (3) his attorney failed to raise the issue of his right to a speedy trial; and (4) his attorney failed to provide him with a copy of the Indictment.

Contrary to Defendant's belief, his attorney was not incompetent and ineffective when he failed to raise the affirmative defense found in 18 U.S.C. § 2252A(d).[1] There is no factual basis to support this defense. Defendant filed numerous pretrial motions, including Motions to Compel. In reviewing those motions, the Court reviewed the police reports surrounding the investigation into Defendant's viewing of child pornography. Defendant's statements to law enforcement do not support, or even suggest, that he had inadvertently downloaded less than three images and promptly deleted them. Moreover, even after his first

---

[1] An affirmative defense is available to those individuals who possessed less than three images and promptly, and in good faith without retaining or allowing any person other than law enforcement to access the images, took reasonable steps to destroy the image or reported the matter to law enforcement. 18 U.S.C. § 2252A(d).

**ORDER DISMISSING § 2255 PETITION; CLOSING FILE ~ 2**

encounter with law enforcement, Defendant continued to access the peer-to-peer network in seeking out child pornography.

There is nothing in the record to support Defendant's assertions that he was pressured into entering into a plea agreement with the United States. The Court is never interested in taking a guilty plea from a defendant who does not believe he is, in fact, guilty. The Court engages in a lengthy colloquy in order to satisfy itself that the defendant's plea is knowing, voluntary, and intelligent. Here, in response to the Court's direct questioning on this issue, Defendant indicated he was entering into the plea voluntarily and was not threatened or otherwise induced into signing the plea. Defendant's assertions now that his plea was not knowing and voluntary is belied by the record.

Defendant signed three waivers of speedy trial rights that clearly demonstrate that he knowingly waived his right to a speedy trial and consented to moving the trial dates. Moreover, whether to continue the trial date falls squarely within the attorney's authority to manage the conduct of trials and therefore, cannot be the basis for an ineffective assistance of counsel claim. *See Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988).

Finally, the record demonstrates that, at his arraignment, Defendant was represented by counsel and was advised of his rights, including the allegations contained in the Indictment.

Defendant has not shown his counsel representation "fell below an objective standard of reasonableness" and he was prejudiced as a result. On the contrary, Defendant's counsel was able to secure a plea to an offense that lowered Defendant's base offense level, which in turn avoided the statutory mandatory minimum applicable to his conviction. Moreover, while Defendant did not receive his requested sentence of time served, he did receive a sentence well below the sentencing guideline range. Defendant has not shown how he was prejudiced by his counsel's performance. As such, Defendant's claim of ineffective assistance of

**ORDER DISMISSING § 2255 PETITION; CLOSING FILE ~ 3**

counsel is dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Arrest Judgment and Sentence for Violation of Constitutional Rights and Lack of Jurisdiction, construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255, ECF No. 152, is **DENIED**.

2. The Court certifies that an appeal of this decision would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to Defendant and counsel, and close the file.

**DATED** this 22nd day of August 2019.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING § 2255 PETITION; CLOSING FILE ~ 4**